IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| TEEL STYLES, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2202-M |
| | § | |
| WALMART and SAMSCLUB, | § | |
| Defendants. | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. She states she is employed by Defendants Walmart and SamsClub. She claims Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq*, by discriminating against her, harassing her and retaliating against her. She seeks money damages.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff alleges her employers discriminated against her under Title VII. Prior to bringing a federal suit under Title VII, however, a plaintiff must show she exhausted administrative remedies. *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of the right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Here, Plaintiff states her EEOC complaint is pending. (ECF No. 3 at 4.) Plaintiff has therefore failed to exhaust her administrative remedies, and the complaint should be dismissed without prejudice.

IV.

The Court recommends that Plaintiff's complaint be dismissed without prejudice.

Signed this 3/ day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).